ROTHENBERG, J.
L.C. appeals an order withholding adjudication of delinquency and placing him on probation, contending the trial court erred by denying his motion to suppress marijuana found on his person following a pat-down search. We affirm.
Officer Rivers testified that he saw L.C. walking down a street not far from a high school during school hours; L.C. appeared to be young; and L.C. was carrying a book bag. Officer Rivers conducted a Terry stop,[1] which L.C. acknowledges was lawful, to inquire into the possibility that L.C. was truant. See D.O. v. State, 77 So.3d 787, 790 (Fla. 3d DCA 2011) (“Law enforcement, in a very real sense, fulfills a role as a ‘community caretaker’ when they encounter truants, child runaways, children locked out of their home, and children beyond the control of their parents. They have not only the authority, but also a statutory obligation, to quickly reunite the child with their parent or guardian, or return the child to school or the appropriate agency that can provide the services needed in light of the individual circumstances.”).
At trial, Officer Rivers explained that when he stops a child whom he believes is truant, he attempts to ascertain whether *636 the child has permission to be out of school, such as participating in a work study program or having written permission from a parent to go to a doctor appointment. In response to Officer Rivers’ inquiry, L.C. gave “some story” as to why he did not have to be in school, but the “story” did not “sit right with” Officer Rivers. Therefore, prior to placing L.C. into the police vehicle, Officer Rivers conducted a pat-down search for officer safety. Based on his years of experience, Officer Rivers immediately recognized that the item he felt was marijuana, and thereafter, retrieved the marijuana from L.C.’s pocket.
In challenging the denial of his motion to suppress, L.C. contends Officer Rivers did not have a basis to conduct a pat-down search for officer safety because Officer Rivers did not confirm that L.C. was, in fact, truant, and therefore, Officer Rivers did not have the authority to take L.C. into “custody” as set forth in section 984.13(l)(b), Florida Statutes (2011). We disagree.
Section 984.13(l)(b) permits a law enforcement officer to take a child into custody when the officer has “reasonable grounds to believe” the child is truant. Specifically, section 984.13(l)(b) provides:
(1) A child may be taken into custody:
[[Image here]]
(b) By a law enforcement officer when the officer has reasonable grounds to believe that the child is absent from school without authorization or is suspended or expelled and is not in the presence of his or her parent or legal guardian, for the purpose of delivering the child without unreasonable delay to the appropriate school system site. For the purpose of this paragraph, “school system site” includes, but is not limited to, a center approved by the superintendent of schools for the purpose of counseling students and referring them back to the school system or an approved alternative to a suspension or expulsion program. If a student is suspended or expelled from school without assignment to an alternative school placement, the law enforcement officer shall deliver the child to the parent or legal guardian, to a location determined by the parent or guardian, or to a designated truancy interdiction site until the parent or guardian can be located.
In the instant case, the evidence presented at trial demonstrates that Officer Rivers observed L.C., who appeared to be young and carried a book bag, walking down a street near a high school during school hours. Believing that L.C. was truant from school, Officer Rivers stopped L.C. to inquire. When L.C.’s explanation did not make sense, Officer Rivers took L.C. into “custody” and conducted a pat-down before placing him in his patrol car to be transported to school. Therefore, based on the totality of these circumstances, Officer Rivers had the necessary “reasonable grounds to believe” L.C. was “absent from school without authorization”; the State was not required to present evidence that Officer Rivers “confirmed” that L.C. was truant; and the pat-down prior to placing L.C. in Officer Rivers’ police vehicle in order to transport L.C. to school was lawful. Accordingly, we affirm the order withholding adjudication of delinquency and placing L.C. on probation, concluding the trial court correctly denied L.C.’s motion to suppress.
Affirmed.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).